UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------

DAVID TORRES

                                                  Plaintiff,

    -v.-

                                                Civil Action No.
                                          9:01-cv-1337 (GLS/VEB)

JOHN BURGE, Superintendent,
Auburn Correctional Facility

                                            Defendant.
--------------------------------------------------------------------------------

APPEARANCES:

**FOR THE PLAINTIFF:**

DAVID TORRES
*Pro Se*
94-A-7542
Last known address:
Auburn Correctional Facility
P.O. Box 618
Auburn, New York 13021

**FOR DEFENDANT BURGE:**

HON. ANDREW M. CUOMO          RISA L. VIGLUCCI, ESQ.
Attorney General for the            Assistant Attorney General
State of New York
The Capitol
Albany, New York 12224

GARY L. SHARPE,
U.S. DISTRICT JUDGE

**ORDER**

The above-captioned matter comes to this court following a Report-Recommendation by Magistrate Judge Victor E. Bianchini, duly filed January 22, 2007.  Torres' copy of the Report-Recommendation was mailed to his last known address, but was returned indicating "Return to Sender - Released".  *See Dkt. No.* 19.  This court ascertained that Torres was released through the N.Y.S. Department of Corrections website; http://nysdocslookup.docs.state.ny.us.

The court cannot locate pro se plaintiff, David Torres.  Accordingly, it *sua sponte* considers Torres' failure to comply with this district's Local Rules by notifying the court of his current address and by prosecuting his action.

On August 27, 2001, David Torres filed a *pro se* petition for habeas corpus against the above-captioned defendant.  *See Dkt. No. 1.*  At the time, he was advised of his obligation to adhere to the Federal and Local Rules even though he was a pro se litigant.  This district has expended considerable effort in order to familiarize pro se litigants with those rules by reminding them of their obligations in various documents and orders mailed to them, and by preparing a Pro Se Handbook that is easily accessible.  See <www.nynd.uscourts.gov>.  In fact, copies of the Northern District's Handbook have been provided to all prison libraries in this district.

2

As relevant, Local Rule ("L.R.") 10.1(b) provides:

> **All ... pro se litigants must immediately notify the court of any change of address.** The notice of change of address is to be filed with the clerk of the court and served on all other parties to the action. The notice must identify each and every action for which the notice shall apply... (emphasis in the original).

In turn, L.R. 41.2(b) provides that the "[f]ailure to notify the Court of a change of address in accordance with L.R. 10.1(b) may result in the dismissal of any pending action."

L.R. 41.2(b) mirrors Rule 41(b) of the Federal Rules of Civil Procedure which affords the court discretionary authority to dismiss an action because of the failure to prosecute or to comply with any order of the court. *Link v. Wabash Railroad County Independent School District, 370 U.S. 626 (1962); see also, Lyell Theater Corporation v. Loews Corporation, 628 F. 2d 37 (2d Cir. 1982).*

For the orderly disposition of cases, it is essential that litigants honor their continuing obligation to keep the court informed of address changes. *Michaud v. Williams,* 1999 WL 33504430, at *1 (N.D.N.Y. Nov. 5, 1999) (citing *Fenza v. Conklin,* 177 F.R.D. 126 (N.D.N.Y. 1998)(Pooler, then D.J.). As Judge Pooler has observed:

> It is neither feasible nor legally required that the clerks of the district courts undertake independently to maintain current addresses on all parties to pending actions. It is incumbent upon litigants to inform the clerk of

3

> address changes, for it is manifest that communications between the clerk and the parties of their counsel will be conducted principally by mail. In addition to keeping the clerk informed of any change of address, parties are obliged to make timely status inquiries. Address changes normally would be reflected by those inquiries if made in writing.

*Dansby v. Albany County Correctional Staff,* 95-cv-1525, 1996 WL 172699, *1 (N.D.N.Y. Ap. 10, 1996) (citing *Perkins v. King,* No. 84-3310, slip op. at 4 (5th Cir. May 19, 1985)(other citations omitted)).

As a matter of course, courts in this district have dismissed actions when litigants have failed to abide by either the Local Rules or orders related to address changes, and have subsequently failed to prosecute their actions. *See Williams v. Faulkner,* 95-cv-741, 1998 WL 278288 (N.D.N.Y. May 20, 1998); *Dansby v. Albany County Corr. Facility Staff,* 95-cv-1525, 1996 WL 172699 (N.D.N.Y. Apr. 10, 1996); *Fenza v. Conklin,* 177 F.R. D. 126 (N.D.N.Y. 1988); cf. *Michaud*, 1999 WL 33504430, at *1.

Following ten days from the service thereof the Report-Recommendation, the Clerk has sent the file, including any and all objections filed by the parties herein.

No objections having been filed, and the court having reviewed the Magistrate Judge's Report-Recommendation for clear error, it is hereby

ORDERED, that the Report-Recommendation of Magistrate Judge

Victor E. Bianchini filed January 22, 2007, is ACCEPTED in its entirety for the reasons state therein, and it is further

ORDERED, that the petition is DISMISSED for petitioner has failed to establish that the deprivation of his liberty was in violation of his federal constitutional rights, failure to notify the court of his current address, and for failure to prosecute, and it is further,

ORDERED, that the Clerk of the Court is to enter judgment in favor of Defendant and close this case.

IT IS SO ORDERED

Dated:    February 23, 2007
         Albany, New York

_____
Gary L. Sharpe
U.S. District Judge